ROYER, Appellant,

v.

OHIO REAL ESTATE COMMISSION, Appellee.

[Cite as *Royer v. Ohio Real Estate Comm.* (1999), 131 Ohio App.3d 265.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–98–32.

Decided March 17, 1999.

266

*David Watkins,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Barry D. McKew,* Assistant Attorney General, for appellee.

---

THOMAS F. BRYANT, Presiding Judge.

Appellant Dava D. Royer brings this appeal from the judgment of the Logan County Court of Common Pleas affirming the judgment of the Ohio Real Estate Commission ("commission").

In May 1995, Royer listed some real estate. She was contacted in July by the potential buyer, Maags, concerning the purchase of the property. On July 12, 1995, Royer received a signed dual agency disclosure statement from Maags. The seller signed a disclosure statement on July 15, 1995. The dual agency consent form was not returned to Royer. At the closing, the sale fell through when a question about a ditch assessment was raised.

On April 29, 1996, Maags sent a letter to the commission. This letter was not included in the record by the commission, but the transcript indicates that the letter was complaining about the ditch assessment, not the dual agency.[1] Royer was notified of the complaint on May 2, 1996. On May 15, 1996, Royer requested a hearing. The commission waited until June 13, 1996, to schedule the hearing for December 12, 1996. The December hearing date was continued until January 17, 1997. This hearing did not occur because it was removed from the docket due to Royer's request for settlement discussions.[2] On September 2, 1997, a hearing was held before the examiner. The examiner's report was filed on September 17, 1997. On October 15, 1997, a hearing before the commission was held. Royer was sanctioned for failing to attach a dual agency consent form to the dual agency disclosure statement.

On November 6, 1997, Royer appealed the commission's order to the Logan County Court of Common Pleas. The commission certified a partial record of its

---

1. The commission failed to include any procedural history in its record to the trial court. Thus, the only indication we have of the time frame is that provided by Royer's brief. The commission's brief does not dispute the time frame alleged.

2. Neither Royer nor her counsel requested that the hearing be removed from the docket. Since the procedural history was not included in the record, we have no way of knowing if the continuance was requested or entered *sua sponte.*

proceedings to the trial court on December 5, 1997. Royer then moved for reversal and dismissal for the commission's failure to file a complete record. On September 28, 1998, the trial court entered judgment affirming the commission's order. It is from this judgment that Royer appeals.

Royer raises the following assignments of error:

"The trial court erred by failing to reverse the Commission's finding because the record it certified to the court was incomplete, pursuant to R.C. 119.12.

"The trial court erred by failing to reverse the Commission's finding because the Commission failed to set a hearing within 15 days after the licensee's request, pursuant to R.C. 119.07.

"The trial court committed error by failing to reverse the Commission's findings based upon the unexplained 491 day delay and because the Commission failed to clearly justify the basis of its decision."

An appeal from a decision of an administrative agency is governed by R.C. 119.12. The standard of review for the common pleas court is to determine if the agency's order is supported by reliable, probative, and substantial evidence, and is in accordance with the law. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748. "The court of appeals' review, then, is limited to a determination of whether the decision of the common pleas court was the product of an abuse of discretion by that court." *Loyal Order of Moose Lodge No. 1473 v. Ohio Liquor Control Comm.* (1994), 95 Ohio App.3d 109, 111, 641 N.E.2d 1182, 1183.

In the first assignment of error, Royer claims that the commission is required to submit a complete record to the trial court. R.C. 119.12 states:

"Within thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by [R.C. 119.01 to 119.13], the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply."

"When interpreting legislation, courts must give the words used in statutes their plain and ordinary meaning, unless legislative intent indicates otherwise." *Coventry Towers v. Strongsville* (1985), 18 Ohio St.3d 120, 122, 18 OBR 151, 152, 480 N.E.2d 412, 414. "Complete" is defined as "[h]aving all necessary or normal parts, components, or steps; entire; whole." The American Heritage Dictionary (2 Ed.1985) 301.

Here, the commission submitted what it certified to be a complete record. However, this record lacked all history of the proceedings, including the initial

complaint letter, the notice to Royer of the complaint, all documents establishing the commission's jurisdiction, and the reason for the extreme delays. The commission argues that the missing documents are procedural in nature only and were not used in reaching its decision. Thus, the exclusion of the documents is not prejudicial. We disagree.

The statute requires that a complete record of the proceedings be filed. Although unintentional omissions may be excused, the premeditated decision to edit documents from the record contradicts the idea of a fair hearing. The commission by omitting certain documents limited the record for review. Since the purpose of review by the trial court is to determine if the commission's judgment is supported by reliable, probative, and substantial evidence, and is in accordance with the law, the trial court must have access to everything that the commission was permitted to view, including the complaint. Otherwise, the trial court is not able to make a proper determination of whether the final order was in compliance with the law.

By excluding the procedural documents, the commission denied the trial court the ability to determine that proper procedures were followed. One of the errors raised before the trial court was the timeliness of the proceedings. The commission's failure to include the procedural documents prevented the trial court from having all the necessary evidence to determine if the proceedings complied with the statute. Thus, Royer was prejudiced by the omissions. Based upon this prejudice, Royer filed the motion to dismiss due to the commission's failure to file a complete record as required by R.C. 119.12. R.C. 119.12 orders the reviewing court to enter a finding in favor of the adversely affected party when a complete record is not filed. Here, the agency failed to file a complete record within thirty days and did not request additional time. Therefore, the trial court should have entered judgment for Royer. The first assignment of error is sustained.

■ The second assignment of error claims that the commission should have held a hearing within fifteen days of the request. R.C. 119.07 provides:

"Whenever a party requests a hearing in accordance with the section and [R.C. 119.06], the agency shall immediately set the date, time, and place for the hearing and forthwith notify the party thereof. The date set for the hearing shall be within fifteen days, but not earlier than seven days, after the party has requested a hearing, unless otherwise agreed to by both the agency and the party."

These time limits are incorporated in R.C. 4735.051, which provides for a thirty-day extension for good cause shown.

In this case, Royer requested a hearing on May 15, 1996. The deadline for the hearing would have been May 30, 1996. However, no action was taken until June 13, 1996, twenty-nine days after the request. At that time, the hearing was

scheduled for December 12, 1996, two hundred eleven days after the request. The hearing was then continued until January 17, 1997, two hundred forty-seven days after the request, and then again until September 2, 1997, four hundred seventy-five days after the hearing was requested.[3] The commission claims that these delays are not impermissible because Royer was not prejudiced by the delay. According to the logic of the commission, as long as Royer is permitted an opportunity to present a defense, there is no prejudice. However, this ignores the fact that the statutes provide additional safeguards to due process by setting time guidelines for the hearing and appropriate review of those procedures.

 The statute provides that the date for the hearing "shall" be set within fifteen days after the request for a hearing. The word "shall" is usually interpreted as mandatory, especially if it is frequently repeated within the statute. *Dorrian v. Scioto Conservancy Dist.* (1971), 27 Ohio St.2d 102, 56 O.O.2d 58, 271 N.E.2d 834. The term "shall" appears in R.C. 119.07 fifteen times. The clear language of the statute creates a mandatory duty upon agencies to schedule hearings within fifteen days. This duty is specifically applied to the commission by R.C. 4735.051. We note that an agency may postpone or continue an adjudication hearing upon its own motion beyond the fifteen-day time limit. See *In re Barnes* (1986), 31 Ohio App.3d 201, 31 OBR 470, 510 N.E.2d 392. However, there is no evidence in the record to indicate that a motion for a continuance exists. Additionally, the time for scheduling the hearing had expired fourteen days prior to the commission's action and a hearing was not set for two hundred eleven days. R.C. 4735.051 specifically limits the continuance to thirty days and requires good cause to be shown. The commission failed to abide by its own time restrictions. Thus, the second assignment of error is sustained.

In the record before us, which was certified as complete by the commission, no evidence of the jurisdiction of the commission over the matter is evident. There is no evidence of the complaint or that Royer received the proper notice. Absent the evidence of the commission's jurisdiction, any order entered by the commission is contrary to law. Thus, the cause must be dismissed and we need not address the third assignment of error.

The judgment of the Logan County Court of Common Pleas is reversed and the cause is dismissed.

*Judgment reversed*
*and cause dismissed.*

SHAW and WALTERS, JJ., concur.

---

**3.** The record before us reveals no motions to continue the hearing or any explanations for the continuances, that evidence apparently being part of the record edited by the commission.