DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the Ohio Department of Job and Family Services (the "ODJFS"), appeals from the judgment of the Medina County Court of Common Pleas. We affirm.
 {¶ 2} As an initial matter, we note that the ODJFS and appellee, Joseph Grill, have been involved in a number of administrative appeals related to the subject matter of this appeal. Consequently, the procedural history of the instant case has become entangled with this series of appeals. We will recount the history of these other appeals only to the extent relevant to and necessary for the discussion of the instant case.
 {¶ 3} This appeal stems from a notice issued by ODJFS[1] in 1999 with respect to Mr. Grill's Food Stamp benefits and Aid to Dependent Children ("ADC") benefits[2], which he was receiving at that time. This notice stated that Mr. Grill was financially over-qualified to receive both benefits. On February 22, 1999, Mr. Grill requested a state hearing with respect to the ADC benefits. Mr. Grill received a notice that the hearing was scheduled for March 18, 1999, pursuant to which Mr. Grill's counsel requested a continuance. The hearing was rescheduled for April 12, 1999, but neither Mr. Grill nor his counsel attended that hearing. The state hearing office allegedly mailed a dismissal notice to Mr. Grill on April 20, 1999, stating that he was to show good cause for his failure to appear and that he must reschedule the hearing before April 30, 1999 to avoid dismissal of the case. The state hearing office did not receive a rescheduling request from Mr. Grill, and consequently, Mr. Grill's initial hearing request was dismissed on the basis of abandonment. Subsequently, the ODJFS notified Mr. Grill of this dismissal in a letter dated April 30, 1999.
 {¶ 4} In a letter dated May 17, 1999, Mr. Grill's counsel appealed the dismissal notice, requesting an administrative appeal and that the hearing be rescheduled. In this letter Mr. Grill's counsel asserted that Mr. Grill did not receive a notice for the April 12, 1999 hearing, and that Mr. Grill did not receive the dismissal notice until a few days prior to May 17, 1999. Additionally, the letter noted that Mr. Grill's counsel received neither the April 12, 1999 hearing notice nor the April 20, 1999 dismissal notice. Mr. Grill's counsel submitted the affidavits of Mr. Grill, Mr. Grill's wife, Linda Grill, the counsel's secretary, and himself to support these assertions. The affidavits of counsel and his secretary state that they received neither the hearing notice nor the dismissal notice at counsel's office. Mr. and Mrs. Grill's affidavits state that they never received the hearing notice, and that they did not receive the dismissal notice until May 8, 1999, well past the April 30, 1999 deadline by which Mr. Grill was to show cause and reschedule the April 12, 1999 hearing.
 {¶ 5} On June 9, 1999, the ODJFS vacated the dismissal of the state hearing and remanded the appeal for a finding of fact as to whether Mr. Grill or his counsel received the April 20, 1999 dismissal notice. In a letter dated June 22, 1999, the ODJFS notified Mr. Grill that it denied Mr. Grill's request to reschedule the hearing. The letter stated, in pertinent part, the following:
"Notice of dismissal was mailed to you and to the appellant on 04/20/99. The notices were mailed to the addresses indicated on the hearing request[.] * * * The notices were not returned by the post office. It is presumed that mail which is correctly addressed and not returned by the post office has been delivered. Therefore, I find that both you and the appellant received the dismissal notices."
 {¶ 6} Mr. Grill appealed from the June 22, 1999 decision to the Medina County Court of Common Pleas.[3] Two separate administrative appeals ensued in the common pleas court, one involving Mr. Grill's food stamp benefits[4], and the other concerning his ADC benefits[5]. Mr. Grill and the ODJFS entered into a settlement agreement on February 26, 2002, pursuant to which Mr. Grill agreed to dismiss, with prejudice, his appeal regarding the ADC benefits. However, the settlement agreement granted Mr. Grill a new state hearing to resolve a notice issue. Specifically, the settlement agreement provides, in pertinent part, the following:
"1. ODJFS, without conceding to, or admitting any error or wrongdoing on its part, agrees to grant Appellant a new state hearing solely on thetimeliness issue raised by [Mr. Grill] for failure to receive the June22, 1999 notice. * * * ODJFS will schedule said hearing within thirty (30) days of the receipt of the dismissal order." (Emphasis added.)
 {¶ 7} This provision also provides that the ODJFS does not agree to grant a hearing on any other issue regarding the merits of that case. This notice issue is the subject of the instant case.
 {¶ 8} This state hearing was held on March 22, 2002, and, pursuant to this hearing, the ODJFS issued a decision overruling Mr. Grill's appeal. On April 29, 2002, the ODJFS affirmed the decision to overrule Mr. Grill's appeal. Mr. Grill timely filed a notice of appeal to the Medina County Court of Common Pleas on May 29, 2002, appealing from the administrative appeal decision dated April 29, 2002. In his assignments of error filed with the common pleas court, Mr. Grill once again contended, referencing the four affidavits, that neither he nor his counsel received a hearing notice, and that for this reason they did not attend the hearing on April 12, 1999. Additionally, Mr. Grill asserted that he did not receive the April 20, 1999 dismissal notice until May 8, 1999, and that his counsel's office did not receive the dismissal notice at all. Mr. Grill asserted that he had adequately proved that he did not receive these notices, and that he had demonstrated good cause for not attending the April 12, 1999 hearing.
 {¶ 9} In a judgment entry dated February 24, 2003, the common pleas court remanded the case to the ODJFS, holding that the "ODJFS did not show reliable, probative, and substantial evidence that the notice for the April 12, 1999 [hearing] was mailed and timely received by [Mr. Grill] and his counsel." It is from the decision of the common pleas court that the ODJFS now appeals.
 {¶ 10} ODJFS timely appealed, asserting two assignments of error. We combine these two assignments of error to facilitate review.
 First Assignment of Error
"THE COMMON PLEAS COURT ABUSED ITS DISCRETION BY DECIDING THE CASE BASED ON AN ISSUE THAT WAS NEVER APPEALED."
 Second Assignment of Error
"THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT ENTERED JUDGMENT ON AN ISSUE OVER WHICH IT HAD NO AUTHORITY TO RULE."
 {¶ 11} In its first assignment of error, the ODJFS contends that the trial court abused its discretion because it decided the case based on an issue that was not appealed. Specifically, the ODJFS maintains that the only issue on appeal at the common pleas court level was whether the dismissal notice dated April 20, 1999 was mailed and timely received by Mr. Grill. The ODJFS avers that the April 12, 1999 hearing notice was not at issue on appeal to the trial court, and that therefore the common pleas court entered a judgment determining an issue that was not appealed. In its second assignment of error, the ODJFS asserts that the common pleas court erred because it decided an issue that it had no authority to rule on. We disagree.
 {¶ 12} We first note the appropriate standard of review. R.C.5101.35(A)(2) and (E) provide that a recipient of assistance from a family services program may appeal a decision of the ODJFS to the common pleas court, pursuant to R.C. 119.12.[6] When reviewing the decision of an agency, the common pleas court must determine whether the agency's order was supported by reliable, probative, and substantial evidence and was in accordance with law. R.C. 119.12; Ohio Auto Sales, Inc. v. OhioMotor Vehicles Dealers Bd., 9th Dist. No. 3227-M, 2002-Ohio-1631, at ¶ 14; Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571. Particularly, R.C. 119.12 provides, in pertinent part, the following:
"[t]he court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence as in accordance with law."
 {¶ 13} R.C. 119.12 also provides that the common pleas court is confined to the record as certified by the agency. Additionally, the court is to "`give due deference to the administrative resolution of evidentiary conflicts' and must not substitute its judgment for that of the [agency]." N.R., Inc. v. Ohio Liquor Control Comm. (1996),113 Ohio App.3d 198, 202; see, also, Univ. of Cincinnati v. Conrad
(1980), 63 Ohio St.2d 108, 111 (stating that a court must defer to the agency and may not substitute its judgment with respect to factual issues).
 {¶ 14} However, the findings of the agency with respect to evidentiary issues are not conclusive. Univ. of Cincinnati,63 Ohio St.2d at 111. Pursuant to R.C. 119.12, the common pleas court has the authority to weigh the evidence in an administrative appeal. Gingo v. State Med.Bd. (1989), 56 Ohio App.3d 111, 118, citing Univ. of Cincinnati,63 Ohio St.2d at 109-110. The issue of whether an agency order is supported by reliable, probative, and substantial evidence is essentially a question of the "absence or presence of the requisite quantum of evidence."Gingo, 56 Ohio App.3d at 118, quoting Univ. of Cincinnati,63 Ohio St.2d at 111; see, also, Andrews v. Bd. of Liquor Control, 164 Ohio St. 275, paragraph one of the syllabus. Thus, although the common pleas court is not to substitute its judgment for that of the agency, the common pleas court must inevitably consider the evidence, which permits the common pleas court to a limited extent to substitute its judgment for that of the agency. Gingo, 56 Ohio App.3d at 118, citing Univ. of Cincinnati,63 Ohio St.2d at 111. Additionally, the common pleas court is not required to accept evidence that is neither reliable nor probative. Prinz v. State ofOhio Counselor Social Worker Bd. (Jan. 21, 2000), 1st Dist. No. C-990200. Furthermore, the court is not obligated to accept inferences improperly drawn from the evidence. Univ. of Cincinnati,63 Ohio St.2d at 111-112.
 {¶ 15} The adversely affected party or the agency may further appeal the judgment of a common pleas court with respect to an administrative appeal, pursuant to R.C. 119.12. This statute section provides that such an appeal
"shall be taken on questions of law * * *, and in such [an] appeal the [appellate] court may also review and determine the correctness of the judgment of the court of common pleas that the order of the agency is not supported by any reliable, probative, and substantial evidence in the entire record." R.C. 119.12.
 {¶ 16} When reviewing the decision of a common pleas court that determines whether an agency's order is supported by reliable, probative and substantial evidence, this court must also determine whether the trial court abused its discretion. Wise v. Ohio Motor Vehicle DealersBd. (1995), 106 Ohio App.3d 562, 565. An abuse of discretion is more than an error of judgment; it implies that the common pleas court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion by the trial court, an appellate court may not substitute its judgment for that of the common pleas court. Pons v. Ohio Motor Vehicles Dealers Bd. (1993),66 Ohio St.3d 619, 621. However, "[o]n questions of law, the common pleas court does not exercise discretion[,] and the court of appeal's review is plenary." McGee v. Ohio State Bd. of Psychology (1993), 82 Ohio App.3d 301,305.
 {¶ 17} We will now address whether the common pleas court abused its discretion in the instant case. In support of its assignments of error, the ODJFS argues that the common pleas court was not authorized to rule on the issue of the April 12, 1999 hearing notice. The ODJFS claims that the court was only authorized to make a decision with respect to the April 20, 1999 hearing notice. In support of these contentions, the ODJFS refers to the settlement agreement and postulates that the provision in that agreement granting Mr. Grill another hearing erroneously refers to the date "June 22, 1999." However, the parties do not actually agree as to what date was supposed to be contained in the provision, each proposing a different date. Mr. Grill contends in his brief that the common pleas court's decision as to the April 12, 1999 hearing was correct, because the date in the settlement agreement should have been "April 12, 1999;" on the other hand, the ODJFS asserts that the date should have been "April 20, 1999," corresponding to the date of the dismissal notice.
 {¶ 18} Initially, we note that confusion surrounded this settlement agreement provision even before this case was appealed to the common pleas court. For example, the April 10, 2002 ODJFS decision disregarded the provision of the settlement agreement, which states that the hearing was to be heard on the issue regarding "June 22, 1999." It appears that the ODJFS simply assumed that the issue in question during the hearing was the receipt of the April 20, 1999 hearing. The decision noted that "[t]he issue under appeal is whether notice of 4/20/99 `* * * Dismissal Notice' was received by Appellant and Representative[,]" and found that the April 20, 1999 dismissal notice was "properly addressed, timely delivered, and received" by Mr. Grill and his counsel. Furthermore, in its April 29, 2002 decision, the ODJFS again noted that the settlement agreement granted a hearing with respect to the April 20, 1999 notice non-receipt issue.
 {¶ 19} It is during this appeal that the parties have for the first time addressed the fact that the settlement agreement date is incorrect. Issues not raised and tried at the common pleas court level cannot be raised for the first time on appeal. Holman v. Grandview Hosp. Med. Ctr. (1987), 37 Ohio App.3d 151, 157. Additionally, an appellate court cannot engage in fact finding, which is a responsibility that rests with the trial court. Consequently, this Court is precluded from addressing the discrepancy with respect to the date contained in the pertinent provision of the settlement agreement. In light of the aforementioned, as well as the fact that the parties are in disagreement regarding the notice date to be discussed in the new state hearing, this Court relies on the certified record and concludes that the April 12, 1999 hearing notice was in fact an issue that was before the common pleas court on appeal.
 {¶ 20} We now discuss those portions of the record that substantiate this conclusion. Mr. Grill's counsel wrote a letter to the ODJFS on May 17, 1999, raising both the April 12, 1999 and April 20, 1999 notice issues. Mr. Grill's counsel also submitted four affidavits that addressed both notices. In his assignments of error on appeal to the common pleas court, Mr. Grill once again addressed both notices. It is also interesting to note that in its brief on appeal at the common pleas level, the ODJFS stated, "the [s]ettlement [a]greement granted [Mr. Grill] another state hearing solely on the issue of timeliness and whether [he] had received the initial notice of a state hearing on the matter." The common pleas court then entered a judgment with respect to the issue of whether Mr. Grill timely received the April 12, 1999 hearing notice.
 {¶ 21} Having made this determination with respect to the receipt of the April 12, 1999 hearing notice, the common pleas court then concluded that "non-receipt of the hearing notice by either [Mr. Grill] or his attorney would qualify as a circumstance which reasonably would have prevented attend[ance] of the originally scheduled hearing." It would have been superfluous for the common pleas court to make a determination as to the receipt of the April 20, 1999 dismissal notice, since the court had already established that Mr. Grill had shown good cause for why he did not attend the April 12, 1999 hearing.[7]
 {¶ 22} It is evident that the April 12, 1999 hearing notice became an issue at the ODJFS level, and remained at issue throughout this entire appeals process. In light of the foregoing, this Court is not persuaded that the common pleas court acted unreasonably, unconscionably, or arbitrarily when it decided the issue of the April 12, 1999 hearing notice. See Blakemore, 5 Ohio St.3d at 219. Consequently, this Court cannot say that the common pleas court abused its discretion when it made a determination as to the April 12, 1999 hearing notice.
 {¶ 23} The ODJFS also argues that it did provide reliable, probative, and substantial evidence to show that Mr. Grill timely received the April 20, 1999 notice. To support this argument, the ODJFS relies on the presumption commonly called the "mailbox rule," which provides that, once a notice is mailed, it is presumed to be received in due course. SeeWeiss v. Ferro Corp. (1989), 44 Ohio St.3d 178, 180. The ODJFS claims that since the April 20, 1999 notice contained correct addresses and was mailed, that the presumption must lead to the conclusion that Mr. Grill timely received this notice. However, this argument is flawed.
 {¶ 24} The "mailbox rule" presumption is only operational when the notice is mailed in the first place. In the instant case, the trial court declared in its judgment entry that the ODJFS "did not present any evidence to show the notices were mailed, but only that they were created[.]" A careful review of the certified record confirms the common pleas court's assertion. The only relevant article of evidence submitted by the ODJFS is a copy of the dismissal notice which lists a purported mailing date of April 20, 1999. Since the ODJFS did not even establish that the dismissal notice was in fact mailed, a discussion of the "mailbox rule" presumption of timely receipt of the notice is therefore wholly misplaced. Moreover, assuming arguendo that the April 20, 1999 dismissal notice was in fact mailed, the mailbox rule would still not operate in the ODJFS's favor if the ODJFS could not establish that it had mailed the notice early enough to give Mr. Grill the opportunity to timely show good cause for failing to attend the April 12, 1999 hearing. Accordingly, a presumption of receipt, much less timely receipt, of the April 20, 1999 dismissal notice, cannot lie.
 {¶ 25} Furthermore, the mailbox rule is a rebuttable presumption.Weiss, 44 Ohio St.3d at 180. As discussed supra, the four affidavits submitted by Mr. Grill indicate that neither he nor Mrs. Grill received the dismissal notice until after the time by which he was to show cause had already expired. The affidavits also reveal that Mr. Grill's counsel and the counsel's secretary did not receive the dismissal notice at all. The ODJFS disagrees that the affidavits overcome the presumption of mail delivery. Some courts have held that an uncontradicted sworn statement that one did not receive service, is sufficient to rebut the presumption of receipt. See Rafalski v. Oates (1984), 17 Ohio App.3d 65, 66-67
(stating that a party seeking a motion to vacate can rebut the presumption of proper service of a complaint with an uncontradicted sworn statement that he or she did not receive service of a complaint); see, also, Rogers v. United Presidential Life Ins. Co. (1987),36 Ohio App.3d 126, 129, citing Lin v. Reid (1983), 11 Ohio App.3d 232, paragraph two of the syllabus (stating that where a party has demonstrated through uncontradicted testimony that he or she did not receive service, a trial court abuses its discretion when it overrules the party's motion to vacate a dismissal).
 {¶ 26} The ODJFS urges this Court to follow a line of cases from other districts that criticizes the use of affidavits to rebut the presumption of receipt. See, e.g., Infinity Broadcasting, Inc. v. Brewer,
1st Dist. No. C-020329, 2003-Ohio-1022, at ¶ 8 (asserting that a trial court is not bound to accept a self-serving affidavit which states that the party did not receive notice). Mindful of this line of cases, this Court finds the four affidavits submitted in the instant case to be probative, reliable, and substantial enough to overcome any presumption of receipt of such a notice. Therefore, we find that the common pleas court's decision that the ODJFS did not provide reliable, probative, and substantial evidence that the April 12, 1999 hearing notice was mailed and timely received by Mr. Grill and his counsel, is supported by reliable, probative, and substantial evidence. See R.C. 119.12.
 {¶ 27} Because we have found that the common pleas court's decision is supported by reliable, probative, and substantial evidence, and because we also found that the common pleas court did not abuse its discretion, the ODJFS's first and second assignments are not well-taken.
 {¶ 28} The ODJFS's first and second assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J., Baird, J. Concur.
[1] At the time of this notice, the ODJFS was known as the Ohio Department of Human Services ("ODHS"). The ODHS was renamed to the Department of Job and Family Services (`ODJFS"), effective July 1, 2000. R.C. 5101.01.
[2] Since this notice, these ADC benefits have been renamed to "Ohio Works First" benefits.
[3] Per Ohio Adm. Code 5101:6-8-01(C)(4), an administrative appeal must be received in the ODJFS office within 15 calendar days from the date the state hearing office issues its decision. We note that Mr. Grill did not appeal pursuant to this ODJFS decision. In its brief for this appeal, the ODJFS concedes, that, through the oversight of the ODJFS, Mr. Grill was permitted to appeal to the common pleas court instead of first requesting an administrative appeal from the ODJFS.
[4] The case regarding food stamps was eventually appealed to this Court and decided on March 12, 2003. Grill v. Ohio Dept. of Job Family Serv., 9th Dist. No. 02CA0039-M, 2003-Ohio-1139.
[5] Joseph Grill v. Ohio Dept. of Human Services, Medina C.P. No. 01 CIV 0243.
[6] However, R.C. 5101.35(E) provides an exception to the provision stating that R.C. 119.12 will govern such an appeal. R.C. 5101.35(E)(1). R.C. 119.12 provides that a party adversely affected by an agency order (not involving examination admission, denial of the issuance or renewal of a license or registration, the revocation or suspension of a license, or the payment of a forfeiture), may appeal to the Franklin County Court of Common Pleas. Contrarily, R.C. 5101.35(E)(1) provides that a person "may appeal to the court of common pleas of the county in which theperson resides[.]" (Emphasis added.)
[7] Under Ohio Adm. Code 5101:6-5-03(E)(2)(a), a state hearing may be dismissed as abandoned unless "good cause" for failing to attend the hearing is shown. The phrase "good cause" is defined as "death in the immediate family, sudden illness or injury of the individual or a member of the individual's immediate family, or other circumstances whichreasonably prevented attendance at the hearing." Ohio Adm. Code5101:6-5-03(E)(2)(e). (Emphasis added.)