[Cite as *BSI Sec. Servs. v. Ohio Dept. of Pub. Safety*, 2011-Ohio-4866.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| BSI SECURITY SERVICES | : | |
| | : | Appellate Case No. 24050 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 09-CV-4228 |
| v. | : | |
| | : | |
| OHIO DEPARTMENT OF | : | (Civil Appeal from |
| PUBLIC SAFETY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

### O P I N I O N

Rendered on the 23rd day of September, 2011.

. . . . . . . . .

LAWRENCE J. WHITE, Atty. Reg. #0062363, 2533 Far Hills Avenue, Dayton, Ohio 45419
     Attorneys for Plaintiff-Appellant

MICHAEL DeWINE, Atty. Reg. #0009181, by CHERYL R. HAWKINSON, Atty. Reg. #0055429, Office of the Ohio Attorney General, 30 East Broad Street, 26th Floor, Columbus, Ohio 43215
     Attorney for Defendant-Appellee

. . . . . . . . .

CANNON, J., sitting by assignment.

{¶ 1} This administrative appeal is submitted to this court on the record and the

briefs of the parties. Appellant, BSI Security Services, appeals the judgment entered by the

Montgomery County Court of Common Pleas. The trial court granted a motion to dismiss filed by appellee, Ohio Department of Public Safety.

{¶ 2} BSI is a security firm. Appellee is charged with regulating security firms such as BSI. On January 2, 2009, appellee sent a notice of intent to revoke or suspend license or to impose a civil penalty to BSI, via registered mail. However, this notice was returned as undelivered due to an incorrect address. On February 6, 2009, appellee sent a second notice of intent to revoke or suspend license to BSI. The record does not indicate where this second notice was sent. In addition, the record does not contain a certified mail receipt of the service card. However, the record contains admissions from BSI that it actually received the February 2009 notice. The notices alleged that BSI employees were not properly registered.

{¶ 3} BSI did not request an administrative hearing within 30 days of receiving the notice of intent to revoke license. Appellee issued an adjudication order finding BSI in violation of R.C. 4749.06 and companion sections of the Ohio Administrative Code. Appellee revoked BSI's license. As an alternative to losing its license, the adjudication order provided BSI the option to pay a civil penalty of $35,200. BSI appealed the adjudication order, pursuant to R.C. Chapter 119, to the Montgomery County Court of Common Pleas.

{¶ 4} Appellee filed a motion to dismiss the appeal, arguing that BSI had not exhausted its administrative remedies. The basis of appellee's motion was that BSI did not request a hearing within 30 days of receiving the February 2009 notice of intent to revoke or suspend license. BSI filed a response in opposition to appellee's motion to dismiss. Therein, BSI acknowledged that appellee sent the notices of intent to revoke or suspend license. BSI asserted that its counsel had contacted appellee in an attempt to obtain the

names of the employees at issue, but appellee had not provided that information. Since the names had not been provided, BSI concluded that "no additional meeting or hearings were necessary."

{¶ 5} The trial court granted appellee's motion to dismiss, finding that BSI had failed to exhaust its administrative remedies.

{¶ 6} BSI has timely appealed the trial court's judgment entry to this court and raises the following assignment of error:

{¶ 7} "The common pleas court abused its discretion by finding that BSI failed to exhaust its administrative remedies and failed to perfect its appeal as required by ORC 119.12 when there is no evidence in the record that BSI was ever even served with the notice of intent to revoke license in the first place to initiate [its] administrative remedies by timely filing a notice request for hearing. Mere assertion without any evidence should not be enough to satisfy summary judgment [sic]."

{¶ 8} At the appellate level, we note there is a highly-deferential standard of review in an R.C. 119 appeal regarding factual determinations. See *Royer v. Ohio Real Estate Comm.* (1999), 131 Ohio App.3d 265, 268. (Citations omitted.) However, we review issues of law under a de novo standard of review. *Sohi v. Ohio St. Dental Bd.* (1998), 130 Ohio App.3d 414, 421.

{¶ 9} There are two primary issues for this appeal: (1) the adequacy of the notices sent to BSI and (2) the sufficiency of the record submitted to the trial court by appellee.

{¶ 10} BSI argues that R.C. 119.07 requires notices regarding the suspension of an administrative license to be sent via registered mail. "[T]he failure of an agency to provide

notice in the manner specified in R.C. 119.07 invalidates any subsequent order issued by the agency." *Chirila v. Ohio State Chiropractic Bd.* (2001), 145 Ohio App.3d 589, 594.

{¶ 11} "The doctrine of exhaustion requires a person to exhaust administrative remedies before seeking redress from the judicial system." *Jain v. Ohio State Med. Bd.*, Franklin App. 09AP-1180, 2010-Ohio-2855, at ¶10, citing *Basic Distrib. Corp. v. Ohio Dept. of Taxation*, 94 Ohio St.3d 287, 290, 2002-Ohio-794, citing *Noernberg v. Brook Park* (1980), 63 Ohio St.2d 26. The doctrine of exhaustion of administrative remedies is intended to permit administrative agencies the opportunity to exercise their expertise in resolving the matter prior to a party seeking involvement from the courts. *Jain v. Ohio State Med. Bd.*, at ¶10. (Citations omitted.) "Allowing a claimant to raise an issue for the first time in an appeal to the court of common pleas would frustrate the statutory system for having issues raised and decided through the administrative process." Id. (Citations omitted.)

{¶ 12} In this matter, BSI has waived the issue of whether the notice sent by appellee was proper, since BSI did not exhaust its administrative remedies by raising this issue at the administrative level.

{¶ 13} Further, a party generally waives the right to appeal an issue that could have been, but was not, raised in earlier proceedings. *Jain v. Ohio State Med. Bd.*, at ¶10, citing *MacConnell v. Ohio Dept. of Commerce*, Franklin App. No. 04AP-433, 2005-Ohio-1960, at ¶21. See, also, *Staschak v. State Med. Bd. of Ohio*, Franklin App. No. 03AP-799, 2004-Ohio-4650, at ¶33-35; *Grill v. Ohio Dept. of Job & Family Servs.*, Medina App. No. 03CA0029-M, 2003-Ohio-5780, at ¶19. Any procedural errors in the administrative review process should be argued and disposed of during the initial appeal, and may not be raised for

the first time on appeal from the trial court ruling. BSI did not raise the issue of improper service, in any manner, at the trial court level. Obviously, since it did not raise it below, the trial court was not given an opportunity to address any issues regarding service of the notice. Thus, BSI has waived this issue on appeal.

{¶ 14} Moreover, in addition to being waived, BSI's argument fails on its merits as the record demonstrates that BSI received the notice of intent to revoke or suspend its license. In BSI's notice of appeal to the trial court, its counsel, David Stenson, asserted the following: "[p]rior to the adjudication order the undersigned counsel spoke with [appellee] in February of 2009 based on a notice of intent to revoke or suspend BSI license." Also, in its response to appellee's motion to dismiss, BSI asserted:

{¶ 15} "Appellee did in fact send Appellant two notices of intent to revoke or suspend Appellant's license consistent with R.C. Chapter 119, on January 2, 2009, and February 6, 2009. Appellant never requested a hearing on either occasion, however according to previous counsel of Appellant, two call[s] were made to Appellee in February and March 2009, prior to the Adjudication Order of Appellee. Said Counsel spoke to Appellee and requested the information on three employees. The names of the employee[s] were never given to said counsel."

{¶ 16} Accordingly, at the trial court level, BSI specifically acknowledged receiving the notice of intent to revoke or suspend license. Also, it conceded that it did not request a hearing, which appears to have been a strategic decision. BSI concluded that "no additional meeting or hearings were necessary" since appellee had not provided the requested names of the employees. BSI's counsel determined that a hearing would have been "totally useless."

These assertions contradict BSI's current position, that it "could not have requested an administrative hearing within 30 days" due to a lack of notice. The record refutes BSI's argument that it did not receive the notice of intent to suspend or revoke its license.

{¶ 17} BSI also asserts that an agency is required to file a complete record with the trial court in an R.C. 119.12 appeal. See *Royer v. Ohio Real Estate Comm.*, 131 Ohio App.3d at 268. It argues that the record was not complete because it did not contain the certified mail receipt card. However, even though a complete record is required, "unintentional omissions may be excused." Id. at 269. In *Royer*, the Third Appellate District reversed because there was *no* evidence in the record that Royer received proper notice. Id. at 270. However, in this matter, the record contains specific admissions from BSI that the notices were sent. Finally, we note that BSI did not raise the issue of an incomplete record at the trial court level. See *McGee v. Ohio State Bd. of Psychology* (1993), 82 Ohio App.3d 301, 305. For this additional reason, its argument is unpersuasive.

{¶ 18} BSI's assignment of error is without merit.

{¶ 19} The judgment of the Montgomery County Court of Common Pleas is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Lawrence J. White
Michael DeWine
Cheryl R. Hawkinson
Hon. Timothy N. O'Connell