[Cite as *Disher v. Disher*, 2021-Ohio-3164.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

BRENT DISHER,

Plaintiff-Appellee,

v.

TIFFANY DISHER, NKA STEPHEN,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 20 MO 0014

---

Domestic Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2018-442

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Michael Shaheen*, and *Atty. Kristina Herman,* Shaheen Law Group, 128 South Marietta Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Elgine McArdle*, McArdle Law Office, 2139 Market Street, Wheeling, West Virginia 26003, for Defendant-Appellant.

Dated:
September 13, 2021

**Donofrio, J.**

{¶1}     Defendant-appellant, Tiffany Disher nka Stephen, appeals from a Monroe County Common Pleas Court judgment ruling in favor of plaintiff-appellee, Brent Disher, on his motion to allow him to claim the parties' minor children for tax purposes.

{¶2}     The parties share three minor children.  On October 31, 2018, appellee filed a complaint for divorce.  A partial agreement was placed on the record.  On August 19, 2019, the trial court issued its judgment entry decree of divorce.  The court's judgment entry included the parties' agreement to many of the issues and ruled on the remaining issues submitted by the parties.  But the judgment entry failed to address who would be entitled to claim the children for tax purposes.

{¶3}     On April 15, 2020, appellee filed a motion seeking an order allowing him to claim the minor children for tax purposes from the 2019 tax year forward.  He argued that he pays child support for the children and maintains health insurance for them. Appellee filed a request for service with the motion asking the clerk to serve appellant at her last known address in Ohio.  A failure of service was filed by the clerk on April 23, 2020.  On May 4, 2020, appellee filed a new praecipe for service asking the clerk to serve appellant at a different address in West Virginia.  The clerk's docket reflects that this time service was successful.

{¶4}     Appellee next filed a motion for contempt on June 1, 2020, seeking an order requiring appellant to appear and show cause for her violation of the divorce decree for failing to pay her portion of the marital debt.  That motion was successfully served on appellant at the West Virginia address.

{¶5}     The clerk issued a summons of contempt.  On August 6, 2020, the matter came before the trial court for hearing.  Appellant appeared at the hearing pro se. Appellee did not appear but his counsel did.  The court heard arguments from appellee's counsel and testimony from appellant.

{¶6}     On August 24, 2020, the trial court issued its judgment entry.  As to the non-payment contempt issue, the court found that appellant had since paid her portion of the marital debt.  But it ordered appellant to reimburse appellee for the costs and fees he

incurred in filing the motion. It found that appellant recklessly claimed all three minor children on her 2019 tax return. The court ordered that from tax year 2020 forward appellee would be entitled to claim the children for federal, state, and local tax purposes. In addition, the court stated that if appellant was to earn over $20,000 for a future tax year, she would be entitled to claim one of the children that year.

**{¶7}** Appellant filed a timely notice of appeal on September 23, 2020. She now raises a single assignment of error, which states.

THE TRIAL COURT'S RULING ON THE ALLOCATION OF THE TAX EXEMPTION WAS AN ABUSE OF DISCRETION WHERE APPELLANT [HEREINAFTER MS. STEPHENS] DID NOT RECEIVE PROPER SERVICE OF THE MOTION CONCERNING THE TAX EXEMPTIONS AND THE COURT BASED ITS SUBSTANTIVE RULING ON STATEMENTS FROM OPPOSING COUNSEL AS OPPOSED TO EVIDENCE FROM THE APPELLEE WHO WAS NOT PRESENT FOR THE HEARING.

**{¶8}** Appellant argues that procedural due process required service of the motion to allocate the tax exemption prior to the deprivation of a property interest and that substantive due process required an opportunity to be heard and to object to evidence at the hearing prior to the deprivation of said property interest. The bulk of appellant's argument is that she was not properly served prior to the hearing on the motion for the tax exemption. She states that she appeared at the hearing expecting it to be about the non-payment of the marital debt. But the hearing also dealt with the allocation of the tax exemption. She claims that this resulted in her not having the ability to prepare or consult counsel. Appellant argues that the fact that appellee did not appear at the hearing denied her of due process.

**{¶9}** Procedural due process requires reasonable notice and an opportunity to be heard before deprivation of a recognized property interest. *Ohio Assn. of Pub. School Emp., AFSCME, AFL-CIO v. Lakewood City School Dist. Bd. Of Edn.*, 68 Ohio St.3d 175, 177, 624 N.E.2d 1043 (1994). Appellant claims she was not given reasonable notice.

{¶10}   Appellee filed his motion for the allocation of the tax exemption on April 15, 2020.  He sent a copy of the motion to appellant at her Ohio address by certified mail. The certified mail was returned, stamped "unable to forward."  Appellee was notified by the clerk's office of the failure of service on April 23, 2020.

{¶11}   On May 4, 2020, appellee filed a praecipe for service asking the clerk to serve the motion for the allocation of the tax exemption on appellant at a West Virginia address.  The clerk's docket reflects that service was made on appellant on May 5, 2020, by certified mail.   Thus, despite appellant's assertion that she was not aware of the hearing on the motion for allocation of the tax exemption, the clerk's docket demonstrates otherwise.

{¶12}   Moreover, appellant appeared at the hearing.  And at no point during the hearing did appellant assert she was unaware of the purpose of the hearing.  Appellant answered questions regarding her income and the tax exemption issues when asked by the trial court.  When a party does not raise the issue of improper service at the trial court, that issue is waived upon appeal.  *BSI Sec. Servs. v. Ohio Dept. of Public Safety*, 2d Dist. Montgomery No. 24050, 2011-Ohio-4866, ¶ 13.

{¶13}   Appellant also argues because appellee did not appear at the hearing to present evidence of his finances, she was denied due process.

{¶14}   Appellee filed the motion regarding the tax allocation.   His counsel appeared at the hearing on his behalf.  Appellee was under no obligation to attend the hearing.  Appellant was properly given notice of the hearing and an opportunity to be heard.

{¶15}   At the hearing, appellant testified that she claimed all three children on her 2019 tax return. (Tr. 11-12).  She stated that her 2019 income was between $12,000 and $13,000.  (Tr. 17).  And she testified that appellee pays her $1,400 per month in child support.  (Tr. 23).  Appellee's counsel argued that appellant only worked part-time and earned less than $20,000 per year.  (Tr. 7).  He further argued that appellee works full-time, pays significant child support, and exercises regular parenting time.  (Tr. 7).

{¶16}   In addition to the testimony and arguments, the trial court also had access to all of the parties' financial documents from the divorce hearing that had taken place less than a year before the motion hearing.  The court was able to verify the parties'

incomes from both the child support worksheet and from the parties' affidavits of income and expenses, which are all part of the record. Moreover, appellant testified that she continues to receive $1,400 in monthly child support. Because appellee's child support obligation has remained the same, it is reasonable to conclude that his income has also remained the same. Thus, the court had competent, reliable evidence of the parties' finances on which to base its order regarding the tax allocation even without appellee's testimony.

{¶17} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶18} For the reasons stated above, the trial court's judgement is hereby affirmed.

Robb, J., concurs.
D'Apolito, J., concurs in judgment only; concurring opinion.

Case No. 20 MO 0014

D'Apolito, J., concurs in judgment only; concurring opinion:

{¶19} For the following reasons, I concur in judgment only with the majority's resolution of the second part of Appellant's sole assignment of error, as I would affirm the judgment entry of the trial court for a different reason.  In the second part of Appellant's sole assignment of error Appellant asserts that the trial court abused its discretion in sustaining, in part, Appellee's motion to allocate the tax exemptions for the children from Tax Year 2019 forward.

{¶20} Although the trial court found that Appellant's 2019 earnings "likely do not meet or exceed the income requirement to file an income tax return," the trial court did not sustain Appellee's motion as it relates to Tax Year 2019. (8/24/20 J.E. at p. 2.) With respect to Tax Year 2020 forward, the judgment entry reads, in pertinent part:

> This Court orders that from Tax Year 2020 forward, [Appellee] is entitled to claim the three (3) minor children for Federal, State, and Local tax purposes. If [Appellant] earns in excess of $20,000.00 for the tax year, she is entitled to claim one (1) of the minor children for Federal, State. And Local tax purposes so long as her income is provided to [Appellee] by February 15th of each year.

(*Id.* at p. 3.)

{¶21} Despite its statutory obligation, the trial court failed to designate the parent that could claim the children for tax purposes in the divorce decree.  R.C. 3119.82 provides:

> Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as

Case No. 20 MO 0014

dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended. In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children.

{¶22} The trial court's determination of which parent may claim the minor child as a dependent for federal income tax purposes is reviewed under an abuse of discretion standard. *In re J.H.*, 7th Dist. No. 10 JE 15, 2011-Ohio-6536, 2011 WL 6400283, ¶ 13. In order to find an abuse of discretion, a reviewing court must find that a trial court's decision was arbitrary, unconscionable or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶23} The majority opinion affirms the judgment entry of the trial court based on the historical financial information submitted during the divorce proceedings. The child support worksheet and the parties' affidavits of income establish that Appellee was the sole wage earner from 2015 to 2018, and that he earned between $69,000.00 and $100,000.00 annually from American Energy Corporation from 2015 to 2019. Further, in an affidavit dated March 30, 2020 and filed in support of the motion, Appellee avers that "[a]t all time relevant, [Appellee has] been employed with American Energy Corporation." (Aff., ¶ 5.)

{¶24} At the October 27, 2020 hearing, Appellant described herself at a "full-time student" with some "in between [ ] semesters" income." Appellant attends graduate school through the GI Bill, that is, the federal government pays 80% of her tuition and provides a monthly non-taxable stipend of several hundred dollars when she is attending classes.

{¶25} Appellant testified that her "taxable income" in 2019 was "between twelve and $13,000." (*Id.* at 15-17.) The terms "taxable income" and "income" were used interchangeably regarding Tax Year 2019 at the hearing, so it is not clear that Appellee

understood the distinction. In summarizing Appellant's testimony regarding 2019, the trial court stated that "she reported $13,000 in income." (*Id.* at 22.) However, Tax Year 2019 is not relevant because the trial court did not sustain Appellee's motion as it relates to Tax Year 2019.

**{¶26}** According to Appellant's testimony, she received "some minimal income" from Cabela's Distribution Center and [a month of substitute teaching prior to the COVID-19 outbreak] in 2020. (*Id.* at 19-21.) She estimated her income from substitute teaching to be roughly $1,200.00. She testified that she worked at Cabela's for two or three months and received $15 per hour. Assuming arguendo that Appellant worked on a full-time basis for three months, her income would be $7,800.00 ($15 x 40 hours x 13 weeks). Her total income would be $9,000.00 in Tax Year 2020, far below the standard deduction.

**{¶27}** Appellee's counsel offered no testimonial or documentary evidence of Appellee's current income, but warranted that "[Appellee] continues to work in the energy industry and continues to pay significant child support." (Hrg. Tr. at 7.) When asked by the trial court if Appellee's 2019 earnings exceeded $13,000.00, Appellee's counsel responded, "Oh, certainly, [h]e's – I don't have it in front of me, but it's probably sixty or $80,000. And obviously, we've not been back seeking a change in Child Support." (*Id.* at 22-23.)

**{¶28}** According to Appellant's sworn testimony at the hearing, and contrary to the argument advanced by Appellee's counsel, Appellee "moved to Illinois after he left Alabama, he lives there and works in a federal prison." (Hrg. Tr. at 12.) Appellant further testified that she is "not sure of [Appellee's] income," but that he gets a "substantial amount" from the Veterans' Association. (Hrg. Tr. at 12.) She conceded that Appellee continues to pay monthly child support in the amount of $1,400.00 through wage withholding, and that he has made no effort to reduce the obligation. (*Id.* at 23-24.)

**{¶29}** In *In re Marriage of Chewning*, 11th Dist. Portage No. 2004-P-0021, 2005-Ohio-698, the Eleventh District affirmed a magistrate's decision allocating tax exemptions to the father, where the evidence established that the mother could derive no tax benefit from the exemptions. Specifically, the magistrate found the tax exemptions would result in no tax savings for the mother but would save the father $3,062.00. The magistrate opined that the best interest of the children would be served by maximizing the available

income in both households. *Id.* at ¶ 14; see also *Singer v. Dickinson*, 63 Ohio St.3d 408, 588 N.E.2d 806, 807 (1992)(allocation of the dependency exemption may be awarded to the noncustodial parent when that allocation would produce a net tax savings for the parents, thereby furthering the best interest of the child.)

**{¶30}** Although I am troubled by the failure of Appellee to offer any evidence regarding his current employer or projected income in Tax Year 2020, I find that the evidence offered at the hearing establishes that Appellant had no taxable income that year. Because the testimony at the hearing establishes that Appellant would reap no benefit from the tax exemptions, I cannot conclude that the trial court acted arbitrarily or unreasonably in allocating the tax exemptions to Appellee, despite the fact that no information regarding Appellee's income was offered at the hearing.

**{¶31}** Even assuming arguendo that Appellee, like Appellant, had no taxable income in Tax Year 2020, the best interest of the children would not be affected as neither parent would benefit from the exemption. Further, the continuing jurisdiction of the trial court over child support issues leaves open the possibility that the exemption issue may be revisited when Appellant, the custodial parent, completes her education and is gainfully employed.

**{¶32}** I write separately as I predicate no part of my decision on the historical data relied upon by the trial court and the majority. The uncontroverted testimony at the hearing establishes that Appellee has a new job, and I find that the historical data does not constitute evidence of Appellee's current income. My decision is predicated exclusively upon the testimony at the hearing.

Case No. 20 MO 0014

———————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**