OPINION *Page 2 
{¶ 1} Defendants-appellants Norma J. Ferguson and Thomas Ferguson appeal the August 7, 2006 Judgment Entry of the Fairfield County Court of Common Pleas in favor of Plaintiff-appellee CitiMortgage, Inc.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 9, 2004, Appellants signed a promissory note in favor of holder Dominion Homes Financial Services, Ltd. for a principal sum of $211, 933.00. Pursuant to the note, Appellant was to pay monthly installment payments of principal and interest in the amount of $1, 322.19.
 {¶ 3} CitiMortgage is now the holder of the note and alleges the mortgage loan became delinquent, and Appellants defaulted on the note and mortgage. CitiMortgage submits the affidavit of Malinda A. Caywood, Vice-President of CitiMortgage, testifying there has been a default in payment and CitiMortgage elected to accelerate the entire balance due. She states there is due on said account a principal balance of $209, 507.37, together with interest thereon from August 1, 2005, at 6.375 percent per annum.
 {¶ 4} Appellants in turn submit affidavits of both Norma and Thomas Ferguson averring they did not receive any notice of acceleration indicating Appellee was declaring the entire amount due on the note and mortgage. Norma Ferguson further states she does not agree with the balance due on the note.
 {¶ 5} On January 20, 2006, Appellee filed a complaint in foreclosure against Appellants. On April 21, 2006, Appellee filed a motion for summary judgment and an *Page 3 
affidavit in support of the motion. Appellants filed a memorandum contra, as well as a supplemental memorandum contra.
 {¶ 6} On August 7, 2006, via Judgment Entry, the trial court granted Appellee's motion for summary judgment.
 {¶ 7} Appellants now appeal, assigning as error:
 {¶ 8} "I. THE TRIAL COURT COMMITTED REVERSIVLE [SIC] ERROR BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 9} Our standard of review is de novo, and as an appellate court, we must stand in the shoes of the trial court and review summary judgment on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 10} Civil Rule 56(C) states in part:
 {¶ 11} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 12} Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356.
 {¶ 13} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not *Page 4 
make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 {¶ 14} Appellants argue the terms of the note and HUD regulations require the lender, Appellee, to provide the borrower, Appellants, with notice of acceleration before the holder can seek to enforce the acceleration.
 {¶ 15} The note at issue provides:
 {¶ 16} "Default
 {¶ 17} "If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its right in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee."
 {¶ 18} Title 24 of the CFR Section 201.50 provides:
 {¶ 19} "(a) Personal contact with the borrower before acceleration and foreclosure or repossession. The lender shall undertake foreclosure or repossession of *Page 5 
the property securing a Title I loan that is in default only after the lender has serviced the loan in a timely manner and with diligence in accordance with the requirements of this part, and has taken all reasonable and prudent measures to induce the borrower to bring the loan account current. Before taking action to accelerate the maturity of the loan, the lender or its agent shall contact the borrower and any co-maker or co-signer, either in a face-to-face meeting or by telephone, to discuss the reasons for the default and to seek its cure. If the borrower and the co-makers or co-signers cannot be located, will not discuss the default, or will not agree to its cure, the lender may proceed to take action under paragraph (b) of this section. The lender shall document the results of its efforts to contact the borrower and any co-maker or co-signer, and shall place in the loan file a copy of any modification agreement or repayment plan that has been offered.
 {¶ 20} "(b) Notice of default and acceleration. Unless the borrower cures the default or agrees to a modification agreement or repayment plan, the lender shall provide the borrower with written notice that theloan is in default and that the loan maturity is to be accelerated. Inaddition to complying with applicable State or local noticerequirements, the notice shall be sent by certified mail and shallcontain:
 {¶ 21} "(1) A description of the obligation or security interest held by the lender;
 {¶ 22} "(2) A statement of the nature of the default and of the amount due to the lender as unpaid principal and earned interest on the note as of the date 30 days from the date of the notice;
 {¶ 23} "(3) A demand upon the borrower either to cure the default (by bringing the loan current or by refinancing the loan) or to agree to a modification agreement or a repayment plan, by not later than the date 30 days from the date of the notice; *Page 6 
 {¶ 24} "(4) A statement that if the borrower fails either to cure the default or to agree to a modification agreement or a repayment plan by the date 30 days from the date of the notice, then, as of the date 30 days from the date of the notice, the maturity of the loan is accelerated and full payment of all amounts due under the loan is required;
 {¶ 25} "(5) A statement that if the default persists the lender will report the default to an appropriate credit reporting agency; and
 {¶ 26} "(6) Any other requirements prescribed by the Secretary."
 {¶ 27} 24 C.F.R. § 201.50 (Emhasis added.)
 {¶ 28} Appellee has not provided specific documentary evidence, such as a certified mail receipt, demonstrating the notice requirement has been followed with regard to default and acceleration. Appellants offer the affidavits of both Norma and Thomas Ferguson testifying they did not receive notice of the impending default and acceleration.
 {¶ 29} Ordinarily, conclusory statements are not sufficient to overcome a properly supported summary judgment motion. Click v. S. Ohiocorrectional Facility, 2003-Ohio-2208. Affidavits, which merely set forth legal conclusions or opinions without stating supporting facts, are insufficient to meet the requirements of Civ. R. 56(E). Tolson v.Triangle Real Estate, 2004-Ohio-2640. However, said self-serving affidavits may be offered relative to a disputed fact; rather than a conclusion of law.
 {¶ 30} In Mortgage Electronic Registration Systems, Inc. v.Akpele, 2004 Ohio 3411, the Ninth District Court of Appeals held: *Page 7 
 {¶ 31} "In the present case, the note and mortgage by their own terms each require particular notice before the holder can seek to enforce. This aspect is uncontested. Mortgage Electronic has offered a copy of a letter dated April 10, 2002 as evidence of its purported notice to Mr. Akpele of his default and its intent to accelerate the entire unpaid principal balance if he did not remedy within 30 days. Although this unsigned letter is labeled as "certified mail," Mortgage Electronic produced no certified mail receipt, acquisition of which is ordinarily the reason for sending a letter via certified mail. This letter was entered into the record as an attachment to "Plaintiff's Response to Defendant's Reply to Motion for Summary Judgment." However, this letter was not notarized, signed or certified by any individual. The motion filing contained no Civ.R. 56(E) certifying affidavit, nor any expression of personal knowledge that the letter was true or genuine. Furthermore, Mortgage Electronic provided no evidence that this letter was ever actually mailed, let alone received. Therefore, this evidence fails the Civ.R 56(C) and Civ.R. 56(E) threshold requirements for proper consideration and the moving party, Mortgage Electronic, failed to meet its affirmative burden.
 {¶ 32} "On the other hand, in opposition to summary judgment, Mr. Akpele submitted his own signed affidavit testifying that he never received this letter or any notice of his default or impending action, and entered the affidavit into the record by appending it to a motion filing. In a dispute over actual notice, an uncontradicted sworn statement is ordinarily sufficient to overcome a presumption that notice sent was actually received. See Grill v. Ohio Dept. of Job FamilyServs. (2003), 9th Dist. No. 03CA0029-M, 2003-Ohio-5780. However, in the present case, Mortgage Electronic clearly contests Mr. Akpele's assertion that he never received notice, making this *Page 8 
dispute a genuine issue of material fact for trial. Therefore, summary judgment is improper to resolve this issue."
 {¶ 33} Here, CitiMortgage has not offered any evidence to demonstrate compliance with the HUD regulations regarding notice. Rather, Appellee argues the HUD regulations must be raised as an affirmative defense and are not a defense to foreclosure. However, upon review the mortgage at issue specifically references the HUD regulations when setting forth the provisions with regard to default and acceleration. Therefore, Appellant's affidavits swearing they did not receive notice of the acceleration create a genuine issue of fact, rendering the matter inappropriate for summary judgment.
 {¶ 34} Accordingly, the August 7, 2006 Judgment Entry of the Fairfield County
Court of Common Pleas is reversed, and the matter remanded to the trial court for
further proceedings consistent with the law and this opinion.
 By: Hoffman, P.J., Wise, J. and Edwards, J. concur *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings consistent with the law and this opinion. Costs assessed to Appellee. *Page 1