[Cite as *State v. Finch*, 2011-Ohio-4273.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 11 CA 6 |
| RICHARD R. FINCH | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  10 CR 158


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 25, 2011


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

KENNETH W. OSWALT                     TODD BARSTOW
PROSECUTING ATTORNEY                  4185 East Main Street
TRACY F. VAN WINKLE                   Columbus, Ohio  43213
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, J.*

{¶1}   Defendant-Appellant Richard R. Finch appeals his conviction entered in the Licking County Court of Common Pleas.

{¶2}   Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶3}   On April 5, 2010, the Licking County Grand Jury indicted Appellant on nine counts of Sexual Imposition, misdemeanors of the third degree; two counts of Importuning, a felony of the third degree; one count of Unlawful Sexual Conduct with a Minor, a felony of the fifth degree; one count of Sexual Imposition, and three counts of Compelling Prostitution, felonies of the third degree. These charges were based upon several acts of sexual contact and conduct with teenage males beginning in mid-to-late 2009 and continued until the spring of 2010. Some of the males were minors at the time of the offenses.

{¶4}   On December 6, 2010, Appellant entered pleas of guilty to seven counts of Sexual Imposition, three counts of Importuning and one count of Unlawful Sexual Conduct with a Minor. (T. at 3-14). Pursuant to the State's motion, the trial court dismissed the remaining counts. (T. 3-4).

{¶5}   After accepting Appellant's pleas, the trial court proceeded to sentencing, and conducting a sentencing hearing. (T. 23-48). The trial court sentenced Appellant to a term of seven years of incarceration. (T. at 48).   The trial court did not inform Appellant of his right to appeal under Crim.R. 32(B)(2) and (3).

{¶6}   The Judgment Entry of sentence was filed on December 17, 2010.

{¶7}   Appellant now appeals, raising the following sole assignment of error:

## ASSIGNMENT OF ERROR

{¶8}  "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY ACCEPTING HIS GUILTY PLEAS WITHOUT NOTIFYING IM OF HIS APPELLATE RIGHTS."

I.

{¶9}  In Appellant's sole assignment of error, Appellant argues that the trial court erred in failing to notify him as to his right to appeal.  We disagree.

{¶10}  Appellant contends that the trial court failed to comply with Crim.R. 11 by not advising him at the time of his plea that he had the right to appeal. He argues that as a result of such failure, his guilty plea was not knowing, intelligent and voluntary.

{¶11}  Crim.R. 11(C) sets forth the trial court's duties when accepting a guilty plea. Notifications required pursuant to Crim.R. 11 are classified as notifications of constitutional rights and non-constitutional notifications. *State v. Veney,* 120 Ohio St.3d 176, 897 N.E.2d 621, 2008–Ohio–5200, at ¶ 14.

{¶12}  In *Veney,* supra, the Ohio Supreme Court held "[a] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." (See also *In re Winship,* 397 U.S. 358, 364, 90 S.Ct.

1068, 25 L.Ed.2d 368 (1970); *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Ballard,* 66 Ohio St.2d 473, 479, 423 N.E.2d 115 (1981)).

**{¶13}** Strict compliance with Rule 11 is required regarding the above enumerated rights. *Veney,* supra. For all other notifications required by Rule 11, however, "substantial compliance is sufficient ." *Id.* at ¶ 14, 897 N.E.2d 621 (citing *State v. Stewart,* 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977)).

**{¶14}** In the case sub judice, Appellant concedes that the appeal of a criminal conviction is not a right guaranteed by the United States Constitution and is not one of the enumerated "strict compliance" rights set forth in Crim.R.11(C)(2). See *McKane v. Durston* (1894), 153 U.S. 684. Accordingly, the proper standard for considering Appellant's claims is substantial compliance.

**{¶15}** " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.' ... To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered." *Veney,* supra, at ¶ 15 (quoting *State v. Nero,* 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990)).

**{¶16}** Criminal Rule 32, however, does provide for a criminal defendant to be advised by the trial court as to his right to appeal, wherein it states in relevant part:

**{¶17}** "(B) Notification of right to appeal

**{¶18}** "(1) ***

**{¶19}** "(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

**{¶20}** "(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

**{¶21}** "(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

**{¶22}** "(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

**{¶23}** "(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

**{¶24}** "(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

**{¶25}** "Upon defendant's request, the court shall forthwith appoint counsel for appeal."

**{¶26}** Appellant herein argues that the trial court failed to properly inform him of his right to appeal. As set forth above, the trial court's duty to notify Appellant as to the right to appeal does not arise until sentencing. It is not a requirement to be performed prior to the acceptance of a plea and has no bearing on whether the plea was knowingly, intelligently or voluntarily made. (See *State v. Atkinson,* 9th Dist. No. 05CA0079-M, 2006-Ohio-5806 at ¶ 22; Crim.R. 32(B)).

**{¶27}** Upon review, while we find that the record shows that the trial court did not inform Appellant of his right to appeal under Crim.R. 32(B)(2) and (3), we find that the Appellant has failed to show prejudice. Appellant filed an appeal in this matter and is represented by counsel. Accordingly, we find no reversible error. *State v. Whetstone*, Licking App. No. 2010 CA 00132, 20100-Ohio-1957; See also *State v. Middleton,* Preble App. No. CA2004-01-003, 2005-Ohio-681, ¶ 25.

**{¶28}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0808

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                               :
                                            :
    Plaintiff-Appellee                  :
                                            :
-vs-                                        :                    JUDGMENT ENTRY
                                            :
RICHARD R. FINCH                            :
                                            :
    Defendant-Appellant                 :                    Case No. 11 CA 6


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.



_____

_____

_____

JUDGES