[Cite as *Maluke v. Lake Twp.*, 2012-Ohio-3661.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| EDWARD MALUKE | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-00001 |
| LAKE TOWNSHIP, ET AL | : |  |
|  | : |  |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2009CV04080

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 13, 2012

APPEARANCES:

For Plaintiff-Appellant          For Defendants-Appellees

EDWARD GILBERT                   JOHN LATCHNEY
One Cascade Plaza, Suite 825     TOMINO & LATCHNEY, LLC, LPA
Akron, OH  44308                 803 E. Washington Street, Suite 200
                                 Medina, OH 44256

*Gwin, J.*

**{¶1}** Plaintiff Edward Maluke appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of Lake Township and its Trustees Ellis Erb, Galen Stoll, and John Arnold, all named in their official capacity only. The trial court found political subdivision immunity barred appellant's tort claim. Appellant assigns two errors to the trial court:

**{¶2}** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY FAILING TO ADDRESS PLAINTIFF'S ALLEGATION OF VIOLATIONS OF OHIO R.C. 4513.61 AND R.C. 2744.

**{¶3}** "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY IMPROPERLY CONSIDERING HEARSAY EVIDENCE AND NOT RECOGNIZE [SIC] THE GENUINE DISPUTE OF MATERIAL FACTS."

**{¶4}** Appellant's statement pursuant to Loc. R. 9 asserts there are genuine issues of material fact such that summary judgment was inappropriate.

**{¶5}** In 1994, the Court of Common Pleas granted a permanent injunction to the Lake Township Zoning Inspector against appellant prohibiting him from storing "inoperable, junk, and unlicensed motor vehicles and miscellaneous debris" on his premises. In May 2006, the zoning inspector received a complaint regarding nuisance conditions. After conducting hearings, the township contracted with a private company to remove vehicles and other items on January 18, 2007. Appellant brought suit on October 21, 2009, alleging his property was not abandoned, was not on a public street, and was operable and properly maintained.

{¶6} Appellant originally filed his complaint in Stark County Common Pleas Court, alleging violations of R.C. 4513.61 et seq., R.C. 505.173 and 505.871, seizure of various items of his personal property without notice, and, violation of his equal protection rights. Appellant demanded return of his property. Appellees removed the case to Federal Court but when appellant filed a motion to dismiss his constitutional claim, the court returned the matter to Stark County Common Pleas Court.

{¶7} The trial court found summary judgment was appropriate based upon political subdivision immunity provided by Chapter 2744 of the Ohio Revised Code. The court also found a two-year statute of limitations had run, barring appellant's claims.

Civ. R. 56(C) states:

{¶8} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment,

interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶9} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, *Houndshell v. American States Insurance Company*, 67 Ohio St. 2d 427 (1981). The court may not resolve ambiguities in the evidence presented, *Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.,* 15 Ohio St. 3d 321 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law, *Russell v. Interim Personnel, Inc.,* 135 Ohio App. 3d 301 (1999).

{¶10} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, *Smiddy v. The Wedding Party, Inc.* 30 Ohio St. 3d 35 (1987). This means we review the matter de novo, *Doe v. Shaffer,* 90 Ohio St.3d 388, 2000-Ohio-186.

{¶11} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim, *Drescher v. Burt*, 75 Ohio St. 3d 280 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, *Henkle v. Henkle*, 75 Ohio App. 3d 732 (1991).

{¶12} In support of their motion for summary judgment, appellees presented the affidavit of Stephen Lacey, the Lake Township Zoning Inspector. His affidavit recited the facts leading up to the removal of appellant's property. Attached to the motion were various documents pertaining to the progress of the case in federal court, a copy of the permanent injunction, letters appellees alleged were sent to appellant at the property itself, 916-18 Camelia Street, as well as some sent to 1001 Clara Avenue, in care of appellant's sister. Appellant does not reside on the Camelia Street property and it is apparently a vacant duplex. The motion for summary judgment submitted photographs of the items stored on the property, a copy of the notice of hearing on the nuisance complaint, and notarized transcripts of two hearings appellees held on November 27, 2006 and December11, 2006. According to the transcripts, appellant appeared at both hearings and discussed the matter at some length.

{¶13} In response to the motion for summary judgment, appellant filed his own affidavit, challenging various statements made in Lacey's affidavit. Appellant's affidavit alleged he did not receive any of the eight notices appellees alleged they mailed to him. Appellant challenged the photographs of the property, claiming no proper foundation was laid to introduce them, and also stated: "I cannot verify all of these photographs were taken on my property." Affidavit of appellant, paragraph eight. Appellant stated the property stored was a 1989 Lincoln, a 1953 Dodge, a 1973 Chevy van, a boat, a Honda ATV, and three trailers. His affidavit stated they were operable, working and not a nuisance.

{¶14} Appellant argues the trial court improperly considered hearsay evidence. He asserts that although Lacey's affidavit alleges he is a township inspector, he does

not state his duties or that he is the keeper of the records of the township. Lacey's affidavit does not allege he personally took any of the photographs of the property. Appellant also asserts the towing company appellees allege they contracted with has no record of when the vehicles were removed or where they were taken.

{¶15} Appellant's affidavit also stated he has no recollection of appearing at any hearings and did not sign the visitor registry. His name is printed rather than written in cursive, and appellant asserts anyone could have put his name on the paper.

{¶16} At issue is whether appellant's affidavit, challenging most of the allegations in Lacey's affidavit, was sufficient to create a genuine issue of material fact. Affidavits which merely set forth legal conclusions or opinions are insufficient to meet the requirements of Civ. R. 56. *Tolson v. Triangle Real Estate*, 10th Dist. No. 03AP-715, 2004-Ohio-2640, ¶ 12. "Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party." *TJX Companies, Inc. v. Hall,* 183 Ohio App.3d 236, 2009–Ohio–3372, 916 N.E.2d 862, ¶ 30, citations deleted.

{¶17} However, self-serving affidavits may be offered relative to a disputed fact rather than a conclusion of law. *CityMortgage, Inc. v. Ferguson,* 5th Dist. No. 2006-CA-00051, 2008-Ohio-556, ¶ 29, citations deleted. In a dispute over actual notice, an uncontradicted sworn statement is ordinarily sufficient to overcome a presumption that notice was actually received. *Id.* at paragraph 32. The *Ferguson* case dealt with an allegation the defendant never received one notice from the bank. Here, appellant's affidavit asserts he never received eight notices, some sent to two different addresses.

{¶18} Further, the transcripts show appellant appeared at two township hearings regarding the property before the appellees removed the items. Appellant does not deny appearing at the hearings but only asserts he has no recollection of doing so. Appellant's affidavit does not affirmatively state the photographs are inaccurate, but only that he cannot verify they were all taken at his premises. We find appellant's challenges to the authenticity of the notices and photographs are self-serving.

{¶19} Appellant characterizes Lacey's affidavit as hearsay. Lacey alleged he was the zoning inspector but did not elaborate on his duties, nor did he allege he was the keeper of appellee's records. However, he did allege he had personal knowledge of the facts. Lacey's affidavit did not identify who took the photographs, but alleges the photographs are true and complete copies. The transcripts of the hearings showing appellant was in attendance and was heard are notarized. We conclude there was evidence from which the trial court could find appellant had sufficient notice.

{¶20} The trial court properly found the abatement of a public nuisance is a governmental function as a matter of law, Judgment Entry of December 5, 2011, paragraph two, citing *Robert Huge v. Columbia Township Board of Trustees* 9th Dist. 90CA004813, 1990WL 136072.

{¶21} In *Colbert v. City of Cleveland,* 99 Ohio St. 3d 215, 2003-Ohio-3319, 790 N.E. 2d 781, the Ohio Supreme Court described the statutory framework of political subdivision immunity. Determining whether there is immunity from tort liability involves a three-tiered analysis, the starting point being the general rule that a political subdivision is immune from liability. The second tier of the analysis requires the court to decide if any of the statutory exceptions to political subdivision liability. Thirdly, if there

is an exception to immunity, then the court must explore whether the political subdivision has a defense. *Id.* at ¶¶ 7-9, citations deleted.

{¶22} As for the employees of a political subdivision, they are immune from liability unless their acts and omissions were manifestly outside the scope of their employment or professional responsibilities, the acts or omissions were made with malicious purpose, bad faith, or wanton or recklessly, or if liability is imposed expressly on the employee by the Revised Code.  Appellant's complaint names the trustees in their official capacity only, and as the trial court correctly found, it does not allege any actions which would ascribe personal liability to them.

{¶23} In his response to the Motion for Summary Judgment, appellant argued appellees did not have immunity from liability pursuant to R.C. 2744.02 (B)(5), because appellees failed to comply with R.C. 4513.63, 505.173, and 505.871 governing the removal, storage, and disposal of junk motor vehicles. The statutes provide for notice to the owner of a vehicle removed by law enforcement officers after being abandoned on public property or left on private property without the permission of the owner of the property. The statutes do not apply here.

{¶24} Appellees demonstrated there was a permanent injunction prohibiting appellant from storing these items on the premises.

{¶25} The trial court found there were no exceptions to the immunity, and the township cannot be held civilly liable for the removal of junk vehicles after it had found the vehicles and other property were a public nuisance threatening the public health, safety, and welfare. We find no error.

**{¶26}** Because we find the trial court did not err in finding statutory immunity applied, we do not reach the issue of the statute of limitations.

**{¶27}** The first and second assignments of error are overruled.

**{¶28}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

WSG:clw 0723                           _____
                                        HON. WILLIAM B. HOFFMAN

[Cite as *Maluke v. Lake Twp.*, 2012-Ohio-3661.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EDWARD MALUKE | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LAKE TOWNSHIP, ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | CASE NO. 2012-CA-00001 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment

of the Court of Common Pleas of Stark County, Ohio, is affirmed.  Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN