[Cite as *State v. Finch*, 2012-Ohio-4727.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

RICHARD FINCH

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 11-CA-114

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 10 CR 00158 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 8, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant


KENNETH W. OSWALT
Licking County Prosecutor

By: Tracy F. Van Winkle
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

ERIC J. ALLEN
The Law Office of Eric J. Allen, LTD
713 South Front Street
Columbus, Ohio 43206

*Hoffman, P.J.*

{¶1} Defendant-appellant Richard Finch appeals the October 11, 2011 Judgment Entry entered by the Licking County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On April 5, 2010, the Licking County Grand Jury indicted Appellant on nine counts of sexual imposition, misdemeanors of the third degree; two counts of importuning, felonies of the third degree; one count of unlawful sexual conduct with a minor, a felony of the fifth degree; one count of sexual imposition, a misdemeanor of the third degree; and three counts of compelling prostitution, felonies of the third degree. The charges were based upon several acts of sexual conduct with teenage males beginning in mid-to-late 2009, and continuing until the spring of 2010. Some of the males were minors at the time of the offenses.

{¶3} On December 6, 2010, Appellant entered pleas of guilty to seven counts of sexual imposition, three counts of importuning and one count of unlawful sexual conduct with a minor. Pursuant to the State's motion, the trial court dismissed the remaining counts.

{¶4} After accepting Appellant's pleas, the trial court proceeded to sentencing. After conducting a sentencing hearing, the trial court sentenced Appellant to a term of seven years of incarceration. The court did not inform Appellant of his right to appeal

---

[1] A rendition of the facts underlying the charges is unnecessary for our disposition of this appeal.

under Crim.R. 32(B)(2) and (3). The Judgment Entry of sentence was filed on December 17, 2010.

{¶5} Appellant filed a direct appeal to this Court in *State v. Finch,* 5th Dist. No. 11CA6, 2011-Ohio-4273, raising the following sole assignment of error:

{¶6} "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY ACCEPTING HIS GUILTY PLEAS WITHOUT NOTIFYING HIM OF HIS APPELLATE RIGHTS."

{¶7} This Court affirmed the judgment of the trial court holding while the trial court did not inform Appellant of his right to appeal under Crim.R. 32(B)(2) and (3), Appellant had failed to show prejudice. This Court found Appellant filed an appeal in the matter and was represented by counsel; therefore, no reversible error occurred.

{¶8} On August 19, 2011, Appellant filed a petition to set aside or vacate his conviction pursuant to R.C. 2953.21. Via Judgment Entry of October 11, 2011, the trial court denied Appellant's petition.

{¶9} Appellant now appeals, assigning as error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANT'S REQUEST FOR A HEARING REGARDING HIS POST CONVICTION PETITION.

{¶11} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FOUND THAT TRIAL COUNSEL WAS EFFECTIVE AS GUARANTEED BY THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES MADE APPLICABLE TO THE SEPARATE STATES BY THE FOURTEENTH AMENDMENT."

**{¶12}** Appellant's assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶13}** R.C. Section 2953.21 reads,

**{¶14}** "(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony and who is an offender for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the person's case as described in division (D) of section 2953.74 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

**{¶15}** "***

**{¶16}** (5) If the petitioner in a petition filed under division (A) of this section was convicted of or pleaded guilty to a felony, the petition may include a claim that the

petitioner was denied the equal protection of the laws in violation of the Ohio Constitution or the United States Constitution because the sentence imposed upon the petitioner for the felony was part of a consistent pattern of disparity in sentencing by the judge who imposed the sentence, with regard to the petitioner's race, gender, ethnic background, or religion. If the supreme court adopts a rule requiring a court of common pleas to maintain information with regard to an offender's race, gender, ethnic background, or religion, the supporting evidence for the petition shall include, but shall not be limited to, a copy of that type of information relative to the petitioner's sentence and copies of that type of information relative to sentences that the same judge imposed upon other persons.

**{¶17}** "***

**{¶18}** "(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

**{¶19}** "***

**{¶20}** "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court.

**{¶21}** "***

**{¶22}** "(G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. If no direct appeal of the case is pending and the court finds grounds for relief or if a pending direct appeal of the case has been remanded to the court pursuant to a request made pursuant to division (E) of this section and the court finds grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a petitioner who is a prisoner in custody, shall discharge or resentence the petitioner or grant a new trial as the court determines appropriate. The court also may make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody, and bail. If the trial court's order granting the petition is reversed on appeal and if the direct appeal of the case has been remanded from an appellate court pursuant to a request under division (E) of this section, the appellate court reversing the order granting the petition shall notify the appellate court in which the direct appeal of the case was pending at the time of the remand of the reversal and remand of the trial court's order. Upon the reversal and remand of the trial court's order granting the

petition, regardless of whether notice is sent or received, the direct appeal of the case that was remanded is reinstated."

{¶23} Herein, Appellant maintains the trial court erred in denying his petition without holding a hearing, and in not finding he was denied the effective assistance of counsel in the proceedings before the trial court.

{¶24} A criminal defendant seeking to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. *State v. Calhoun* (1999), 86 Ohio St.3d 279. Before granting a hearing on the petition, the court must determine whether there are grounds to believe the petitioner was denied his rights so as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States. R.C. 2953.21. If the petition, the files and the record show the petitioner is not entitled to relief, the court may dismiss the petition without an evidentiary hearing. *State v. Byrd* (2001), 145 Ohio App.3d 318. It is the defendant's burden to demonstrate such evidence as would merit relief.

{¶25} When raising a claim of ineffective assistance of counsel, the petitioner "bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and the defense was prejudiced by counsel's ineffectiveness." *State v. Jackson* (1980), 64 Ohio St.2nd 107. When a petitioner seeks to support his petition by affidavits, a trial court is not obligated to accept the affidavit as being true. However, even with the truthfulness of an affidavit assumed, if the information it contains does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential. *State v. Calhoun* (1999), 86 Ohio St.3d 279.

{¶26} Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis: First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267.

{¶27} Appellant asserts he was denied the effective assistance of counsel as his counsel failed to investigate a past head injury, failed to investigate case facts and failed to file a motion to suppress. In support, Appellant offers his own affidavit, along with affidavits of his business partner, manager, and co-producer, as well as, those of various clients. Appellant does not offer an affidavit of an expert, but rather attaches a police report from September of 1985, purporting to demonstrate a head injury to Appellant. Appellant thereafter claims the injury is likely to cause permanent injury or disfigurement, but does not offer scientific, medical or expert testimony in support. We find Appellant's self-serving affidavit is insufficient to demonstrate Appellant suffered

any prejudice by his counsel's failure to investigate his head injury and therefore was not denied the effective assistance of counsel as a matter of law. *Maluke v. Lake Twp.* 5th Dist. 2012CA00001, 2012-Ohio-3661. Appellant's suggestion of prejudice as a result of counsel's alleged errors is speculative at best.

**{¶28}** Further, Appellant claims his counsel was ineffective in failing to file a motion to suppress. The failure to file a suppression motion does not constitute per se ineffective assistance of counsel. *State v. Mobley* 5th Dist. 2010CA0018, 2011-Ohio-309; *Kimmelman v. Morrison* (1986), 477 U.S. 365, 384. Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted. *State v. Butcher,* Holmes App.No. 03 CA 4, 2004-Ohio-5572, ¶ 26, citing *State v. Robinson* (1996), 108 Ohio App.3d 428, 433, 670 N.E.2d 1077.

**{¶29}** We find Appellant has not demonstrated, based upon the record, the motion would have been granted. The trial court was free to assess the credibility of the affiants and determine if Appellant's self-serving affidavit demonstrated ineffective assistance.

**{¶30}** In the case sub judice, Appellant was interviewed by the officers on two occasions. The second interview was conducted a day after the first. Appellant made incriminating statements and wrote letters of apology during both interviews. Further, DNA evidence linked Appellant to the conduct at issue. Accordingly, Appellant has failed to demonstrate prejudice under the second prong of *Strickland*, supra, and the trial court did not err in denying his petition for post-conviction relief without a hearing.

**{¶31}** Appellant's first and second assignments of error are overruled.

{¶32} The October 11, 2011 Judgment Entry of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Gwin, J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                           :
    Plaintiff-Appellee                  :
                                           :
-vs-                                       :          JUDGMENT ENTRY
                                           :
RICHARD FINCH                              :
                                           :
    Defendant-Appellant                 :          Case No. 11-CA-114


For the reasons stated in our accompanying Opinion, the October 11, 2011 Judgment Entry of the Licking County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE